NATIONAL BANK OF DEPOSIT OF THE CITY OF NEW YORK, Respondent, *v.* HENRY P. ROGERS · et al., as Executors of NATHANIEL P. ROGERS, Appellants, Impleaded with Another.

1. TRIAL — DISCRETIONARY POWER OF COURT AS TO TIME OF AMENDMENT OF COMPLAINT, Where the objection that a complaint fails to state a cause of action because of the omission of a material allegation is not taken by demurrer, but by a motion to dismiss at the trial, the court may in its discretion reserve its decision until possessed of the case upon the merits and then permit an amendment when the substantial rights of the defendant will not be injuriously affected thereby.

2. ESTOPPEL. A firm which gave its demand note for money borrowed to pay duties upon goods which were pledged to secure the loan is, as well as its assignee for the benefit of creditors, equitably estopped from asserting the invalidity of the lien on the ground that the firm had not at the time the goods were pledged obtained possession of them by payment of the duties.

3. ACTION TO ESTABLISH LIEN — PARTIES. In an action by a bank to establish as against an assignee for the benefit of creditors an equitable lien upon property pledged to it by the assignors, the latter, although proper, are not necessary parties, since the object of the suit is not to vacate the assignment or defeat the trust, but to restrict it to its proper subjects, and to set apart the plaintiff's property. ·

4. Replevin Bond — Cancellation. A replevin bond will be canceled although the plaintiff failed to show legal title to the goods taken, but established an equitable title to the property and its proceeds.

5. Appeal — Findings — Conclusiveness. Findings of fact not without support in the evidence are binding on the Court of Appeals notwithstanding a dissent in the affirmance by the Appellate Division.

*Nat. Bank of Deposit* v. *Rogers*, 44 App. Div. 357, affirmed.

(Argued February 14, 1901; decided March 26, 1901.)

Appeal from a final judgment of the Supreme Court, entered in favor of plaintiff October 23, 1900, upon an order of the Appellate Division in the first judicial department, affirming an interlocutory judgment entered upon a decision of the court on trial at Special Term.

The action was originally brought against John L. Sardy and J. Bard Rogers, copartners, composing the firm of Sardy, Coles & Co., and Nathaniel P. Rogers, their assignee, to recover the possession of certain merchandise which the complaint alleged Sardy, Coles & Co. had pledged to the plaintiff to secure the payment of their demand note of $3,000, given to the plaintiff for a loan by the plaintiff to them of that sum. The sheriff seized the goods, delivered them to the plaintiff, and it has retained them or their proceeds.

The defendant J. Bard Rogers demurred, and his demurrer was sustained, and he ceased to be a party. John L. Sardy did not appear or answer. Nathaniel P. Rogers interposed an answer, and died before the trial. His executors, the present defendants, were substituted in his place. The trial followed, resulting in a judgment for the plaintiff, which was reversed by the Appellate Division February 26, 1896, and a new trial granted. The ground of the reversal was that the plaintiff never had the legal title or right to the immediate possession of the merchandise. The court, in its opinion, said that the plaintiff probably had the right in equity to enforce its lien and recover possession. (*National Bank of Deposit* v. *Rogers*, 1 App. Div. 623.)

June 26, 1896, the plaintiff procured an order allowing it to amend its complaint, and it did so, changing the action

into an equitable one to establish its lien upon the merchandise, adjudge its possession thereof acquired under the seizure of the sheriff valid, and, alleging that the defendants had disposed of some of the goods, asked an accounting and judgment.

The defendants' answer was in effect that Sardy, Coles & Co. never gave the plaintiff any lien upon the merchandise, and that they made a valid assignment thereof to Nathaniel P. Rogers before the plaintiff asserted any lien thereon.

The plaintiff recovered upon trial, and from the final judgment entered after affirmance by the Appellate Division of the interlocutory judgment the defendants appeal.

The complaint upon which this trial was had, after alleging the incorporation of the plaintiff, alleged that on the 31st day of August, 1891, the plaintiff loaned to the defendants, John L. Sardy and J. Bard Rogers, composing the firm of Sardy, Coles & Co., $3,000, for which said firm gave its demand note, secured by "its pledge or agreement to make a pledge to this plaintiff of the following described goods and chattels" of the value of over $3,000, describing the goods and annexing a copy of the note and instrument of so-called pledge, and alleging that the plaintiff then intrusted the goods to said firm to sell for the plaintiff, subject to the plaintiff's right to cancel the trust and take possession of the goods; annexing that instrument, and alleging that the goods were then in the custom house in New York subject to the payment of duties; that the firm on September 4th, 1891, paid the duties from the moneys so loaned to it by the plaintiff, and took possession of the goods and held them under said trust, but on September 23d, 1891, sold and transferred to the original defendant, Nathaniel P. Rogers, certain merchandise and other personal property, not including the goods in question, whereof plaintiff duly notified him; he to convert them into money and pay certain debts, and return the balance to the firm; that said Nathaniel, however, wrongfully took these goods, less a portion thereof which the firm had already sold, but the money for which the said Nathaniel afterwards collected;

that after such assignment the plaintiff canceled the trust and demanded of him said goods and money, which demand he refused; that at the time this action was commenced the sheriff of the city of New York took possession of some of the goods and handed them to the plaintiff, upon the plaintiff's giving the usual undertaking in replevin; that the defendants did not rebond the same, but retained the plaintiff's bond, and thereupon asked judgment establishing the plaintiff's equitable right to have the goods delivered to it in pledge and recover and retain the goods or their value; that its replevin bond be canceled, and for an accounting for the goods sold by the firm and moneys collected therefor, in satisfaction of plaintiff's demand.

*Thaddeus D. Kenneson* for appellants. The court erred in denying the motion of the defendant executors to dismiss the complaint and in conforming the complaint to the proof. (*Wheaton* v. *Voorhis*, 53 How. Pr. 319; *Alleman* v. *Bowen*, 61 Hun, 30; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Pope* v. *T. H. C. & M. Co.*, 107 N. Y. 61; *Charlton* v. *Rose*, 24 App. Div. 485; *Browne* v. *S. L. Co.*, 24 App. Div. 480.) The complaint herein is defective in not alleging the existence of a debt from Sardy, Coles & Co. to the plaintiff. (*Lent* v. *N. Y. & Mass. Ry. Co.*, 130 N. Y. 504; *Witherhead* v. *Allen*, 4 Abb. Ct. App. Dec. 628; *Van Giesen* v. *Van Giesen*, 10 N. Y. 316; *Ryan* v. *Halliday*, 110 Cal. 335.) The plaintiff never had an equitable lien on, or equitable pledge of, the goods described in the demand note and so-called trust receipt. (*Holroyd* v. *Marshal*, 10 H. L. Cas. 191; *Hale* v. *O. Nat. Bank*, 49 N. Y. 626; *Kribbs* v. *Alford*, 120 N. Y. 519; *Coats* v. *Donnell*, 94 N. Y. 168; *Deeley* v. *Dwight*, 132 N. Y. 59.) Neither Sardy, Coles & Co. nor the plaintiff intended or expected that Sardy, Coles & Co. should ever, after August 31, 1891, deliver the goods in question to the plaintiff. (*Hunt* v. *Rousmanier*, 1 Pet. 1; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Rogers* v. *Hosack's Exrs.*, 18 Wend. 319; *Christmas* v. *Russell*, 14

Wall. 69 ; *Trist* v. *Child*, 21 Wall. 441 ; *Munroe* v. *Bonnano*, 31 Abb. [N. C.] 1 ; *Dickinson* v. *Phillips*, 1 Barb. 454 ; *Hoyt* v. *Story*, 3 Barb. 262.) In the absence of John Bard Rogers, formerly a member of the firm of Sardy, Coles & Co., and one of the assignors in the assignment of September 30, 1891, to Nathaniel P. Rogers, as a defendant in this action, it is impossible ever to render an effectual judgment, and the complaint should, therefore, have been dismissed. (*Osterhoudt* v. *Bd. Suprs.*, 98 N. Y. 239 ; *Bear* v. *A. R. T. Co.*, 36 Hun, 400 ; *Elias* v. *Schweyer*, 13 App. Div. 336 ; *Mahr* v. *N. U. F. Ins. Co.*, 127 N. Y. 452 ; *F. Nat. Bank* v. *Shuler*, 153 N. Y. 163 ; *Chadbourne* v. *Coe*, 45 Fed. Rep. 822 ; *F. Nat. Bank* v. *Smith*, 6 Fed. Rep. 215 ; *Duntzer* v. *I. & S. L. B. Co.*, 6 Fed. Rep. 217 ; *Christian* v. *A. & N. C. R. R. Co.*, 133 U. S. 233 ; *Crane* v. *C. & N. W. R. R. Co.*, 20 Fed. Rep. 402.)

*Ambrose G. Todd* for respondent. The plaintiff had an equitable lien upon the goods in question. (*Deeley* v. *Dwight*, 132 N. Y. 59 ; *Kribbs* v. *Alford*, 120 N. Y. 519 ; *Hale* v. *O. Nat. Bank*, 49 N. Y. 626 ; *Husted* v. *Ingraham*, 75 N. Y. 251 ; *Coats* v. *Donnell*, 94 N. Y. 168 ; *Hovey* v. *Elliott*, 118 N. Y. 124 ; *Smith* v. *Smith*, 125 N. Y. 224 ; *Sprague* v. *Cochran*, 144 N. Y. 104 ; *Am. S. R. Co.* v. *Fancher*, 145 N. Y. 552 ; *Mann* v. *Benedict*, 47 App. Div. 173.) Sardy, Coles & Co. were estopped to deny the truth of the statements in the note and trust receipt and N. P. Rogers stands in their shoes. (*Parshall* v. *Eggert*, 54 N. Y. 18 ; *Weaver* v. *Barden*, 49 N. Y. 286 ; *Danvers* v. *Lugar*, 30 Misc. Rep. 98.) The complaint was not defective as respects allegations of an indebtedness from Sardy, Coles & Co. to the plaintiff, that the note had not been paid or that the plaintiff still held the note. (*Feeley* v. *Wurster*, 25 Misc. Rep. 544 ; *Coatsworth* v. *L. V. Ry. Co.*, 156 N. Y. 451 ; *Moss* v. *Cohen*, 158 N. Y. 240 ; *Ashley* v. *Lehmann*, 54 App. Div. 45 ; *Anderson* v. *Culver*, 127 N. Y. 377 ; *Lerche* v. *Brasher*, 104 N. Y. 157 ; *Hicks-Alixanian* v. *Walton*, 14 App. Div. 199 ; *Wemple* v. *McManus*,

39 N. Y. S. R. 141; *Andrews* v. *Moller*, 37 Hun, 480.) If the allegations of the complaint set forth any cause of action at all, it was proper to deny defendant's motion for dismissal. (*Wetmore* v. *Porter*, 92 N. Y. 76; *Mitchell* v. *Thorne*, 134 N. Y. 536; *Sage* v. *Culver*, 147 N. Y. 241; *Johnson* v. *Girdwood*, 7 Misc. Rep. 651; *Middleton* v. *Ames*, 37 App. Div. 510; *Parker* v. *Pullman & Co.*, 36 App. Div. 208; *Wisner C. F. Jar Co.*, 25 App. Div. 362; *Gray* v. *Fuller*, 17 App. Div. 29; *Thompson* v. *Fox*, 21 Misc. Rep. 298; *Williams* v. *Conners*, 53 App. Div. 599.) An indebtedness of Sardy, Coles & Co., the non-payment of the note and plaintiff's ownership of it, could be fairly implied from the allegations made in the complaint. (*Foote* v. *Valentine*, 48 Hun, 476; *Newcombe* v. *Fox*, 1 App. Div. 389; *Feeley* v. *Wurster*, 25 Misc. Rep. 544; *Ernst* v. *E. M. I. Co.*, 24 Misc. Rep. 583; *F. C. Nat. Bank* v. *Grover*, 88 Hun, 4; *F. Nat. Bank* v. *Gilmor*, 18 Misc. Rep. 614; *Chapman* v. *Town of Taylor*, 136 N. Y. 663; *City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397; *Blackman* v. *Riley*, 138 N. Y. 318; *Carter* v. *Beckwith*, 128 N. Y. 312.) John Bard Rogers is not a necessary party. (Code Civ. Pro. §§ 488, 499; *Hotopp* v. *Huber*, 160 N. Y. 524; *Persons* v. *Kruger*, 39 App. Div. 416.) John Bard Rogers having made the assignment to Nath. P. Rogers he ceased to have any claim over these specific goods. He simply had a general right to require N. P. Rogers to account. He is not, therefore, a necessary party here. (*Daly* v. *Burchell*, 13 Abb. Pr. [N. S.] 264; *Fox* v. *Moyer*, 54 N. Y. 125; *Buffington* v. *Harvey*, 95 U. S. 99; *Bierschenk* v. *King*, 38 App. Div. 360; *Danvers* v. *Lugar*, 30 Misc. Rep. 98; *Carpenter* v. *Cummings*, 18 Misc. Rep. 587; *Amberg* v. *M. L. Ins. Co.* 32 Misc. Rep. 89; *F. Nat. Bank* v. *Shuler*, 153 N. Y. 163.) The mere fact that John Bard Rogers has some reversionary interest under the assignment does not entitle him to be made a party. (*Bump* v. *Gilchrist*, 52 Hun, 6; 127 N. Y. 668; *Roberts* v. *N. Y. El. R. R. Co.*, 155 N. Y. 31; *H. C. Ry. Co.* v. *Ceballos*, 49 App. Div. 263.) The fact that plaintiff's rights under the note and trust receipt are being adjudicated does

not make J. B. Rogers a necessary party. No relief is granted as against him. (*Munn* v. *Benedict,* 47 App. Div. 173; *Hotopp* v. *Huber,* 160 N. Y. 524.)

LANDON, J. The defendants' exceptions raise the question whether the complaint states a cause of action, and, if these exceptions be sustained, whether the trial court erred in postponing their motion to dismiss the complaint and meantime receiving, notwithstanding the defendants' objections, evidence in proof of facts material to a cause of action, and then directing the complaint to be amended to conform to the proofs.

There is no allegation in the complaint that the demand note had not been paid, and this objection is presented by the defendants' exceptions. The note was in these words:

" $3,000.                          NEW YORK, *Aug.* 31, 1891.

" On demand after date, for value received, we hereby promise to pay to the National Bank of Deposit of the City of New York, or. order, at said Bank, Three Thousand Dollars, with interest at the rate of six per cent per annum until paid, having deposited with said Bank, as collateral security for the payment of this note, and also as collateral security for all other present or future demands, of any and all kind, of the said Bank against the undersigned, due or not due, the following property, viz.:" Then follows a clause to the effect that Sardy, Coles & Co. did then and there actually deposit twenty-eight cases of merchandise, describing it, with the plaintiff in pledge as security for the payment of the note, with power, upon its non-payment, to sell the same and pay the note from the proceeds. The name of " Sardy, Coles & Co." was subscribed at the end of the note and pledge attached. Sardy, Coles & Co. gave the plaintiff a paper of the same date in these words:

" Received of the National Bank of Deposit the following goods and merchandise specified in the bill of sale, dated Aug. 31st, marked and numbered as on memorandum dated Aug. 31st, 1891, herewith attached, and in consideration thereof we thereby agree to hold said goods in trust for said

bank, and as their property to sell the same for their account; and further agree in case of sale to hand the proceeds to them to apply against any indebtedness to said bank on our account under loans on our account and for payment of any indebtedness of ours to said bank.

"The National Bank of Deposit may at any time cancel this trust and take possession of said goods, or the proceeds that may be found; and in the event of any suspension or failure or assignment for benefit of creditors on our part, or of the non-fulfillment of any obligations, or of the non-payment at maturity of any indebtedness made by us under said consignment by The National Bank of Deposit on our account, or of any indebtedness to said Bank, all obligations, acceptances, indebtedness and liabilities whatever shall thereupon (with or without notice), mature and become due and payable. The said goods while in our possession, shall be fully insured against loss by fire.

"NEW YORK, *Aug.* 31*st,* 1891.

                              "SARDY, COLES & CO."

If the question were presented upon demurrer we should probably hold the omission of the allegation of non-payment to be fatal to the complaint. (*Lent* v. *N. Y. & Mass. Ry. Co.,* 130 N. Y. 504.) But in such case an amendment upon terms would be permitted. Where the defendant reserves the objection until the trial is moved, if the objection is sustained, it is no error for the court to refuse to dismiss the complaint; it may permit the amendment. Such amendment supplies "an allegation material to the case." (Code Civil Procedure, section 723.) The omission of the allegation was so obvious an inadvertence that its correction could not have misled the defendants. But the defendants urge that the court erred in postponing the amendment until it could not be granted without depriving them of the benefit of the exceptions they had already taken. This is an allegation of a grievance in form but not in substance. The trial court in its discretion reserved the consideration, both of the motion to dismiss and to amend, until it became possessed of the case

upon the merits.   Where the defendant, instead of raising
the objection by demurrer, postpones it until the case comes
on for trial upon the issues of fact, he cannot complain that
the court takes whatever available time it may need to make
a proper disposition of it.   That the court may direct the trial
to proceed while it holds the objection under advisement is
within its discretion, unless the substantial rights of the except-
ing party are thereby injuriously affected.   Manifestly, this
discretion to permit an amendment, as well as the time and
form of its exercise, should be used in the interests of justice.
The trial court, in its final decision, stated : " I grant the
motion of the plaintiff to conform the pleading to the proof
*   *   *   as to the loan of $3,000 not having been wholly
repaid."   This, in connection with the plaintiff's motion, was
sufficiently definite and certain to advise the defendants of the
nature of the amendment, and it would not have prejudiced
them less if it had been made earlier.   Undoubtedly, there
are cases where justice requires that the amendment be made
and inserted in the pleading during the trial, but it would not
be wise to withdraw the matter from the discretion of the
trial court.   As the exceptions are based upon a curable omis-
sion, they fall with its cure.

Upon the merits, the facts are that on the day the plaintiff
made the loan to Sardy, Coles & Co. and took their demand
note therefor with the accompanying pledge and trust docu-
ments, the goods in question were held in the custom house in
New York awaiting the payment of duties.   They had been con-
signed for Sardy, Coles & Co. to Perry, Ryer & Co., their cus-
tom house brokers.   Perry, Ryer & Co. held the bills of lading,
but had no interest in the goods except to secure payment of
the duties.   Sardy, Coles & Co. applied to the plaintiff for the
loan of $3,000 in order to pay the duties, and stated the facts
as above to the plaintiff, and produced the invoice of the
goods.   Perry, Ryer & Co. confirmed the statement and pro-
duced the bills of lading, which the plaintiff's president exam-
ined and handed back to the latter firm, and thereupon the
plaintiff made the loan and took the note and the documents

accompanying it. The goods were not actually deposited with the plaintiff and by it returned to Sardy, Coles & Co., nor did the plaintiff retain the bills of lading. Sardy, Coles & Co. soon afterwards paid the duties out of the money thus borrowed of the plaintiff and took possession of the goods. Their title and possession were thus complete, and their duty was thenceforth to hold the goods precisely as if they had first deposited them with the plaintiff and the plaintiff had delivered them back under the terms of the surety agreements. This is what both parties intended should be done, and what the surety agreements were intended to cover the moment Sardy, Coles & Co. should obtain the goods. The parties treated that as done which ought to have been done, and might have been done, and as Sardy, Coles & Co. thereby obtained from the plaintiff $3,000, it is clear that equity and good conscience required them to treat it as done the moment the goods came to their hands, and continue so to treat it until the plaintiff should be reimbursed.

It is true the plaintiff knew all the facts, but it was impossible for Sardy, Coles & Co. to obtain possession of the goods without payment of the duties, and for this purpose they must first obtain the money. Relying upon their paying the duties out of the money plaintiff was to loan them, and thus obtaining possession of the goods, both parties, for the purpose of securing the plaintiff for the loan, agreed to treat the possession thus to be obtained as already obtained, and the pledge of the goods to the plaintiff, and plaintiff's return of the goods to Sardy, Coles & Co. in trust, as already made, and drew their agreements accordingly. As between themselves it was competent for them so to agree, and equity will do just what the parties themselves did, namely, treat that as done which ought to have been done. Thus, when Sardy, Coles & Co. obtained possession of the goods, plaintiff held their contract which characterized their possession as in trust for plaintiff's security, and equity requires that such characterization shall be taken as true, to the end that the security both parties agreed upon and intended shall not fail. Effect can be

given to the intention of the parties by holding Sardy, Coles & Co. strictly to the letter of their contract. They had no equities going to the defeat of the contract. Nathaniel P. Rogers, their assignee, upon consideration of antecedent debts and as their trustee to pay from the assigned property debts to himself and to others, stood in their shoes, and thus had no intervening equities against the plaintiff. (*American Sugar R. Co.* v. *Fancher*, 145 N. Y. 552.) Not to construe the contract as written would be a fraud upon the plaintiff, and the defendants thus are equitably estopped from asserting that that was not done, which the parties very naturally, under the circumstances, agreed to regard as done. A contract much like this was held to be conclusive against the party who obtained a loan upon it in *Parshall* v. *Eggert* (54 N. Y. 18).

A party cannot mortgage property which he does not have, but he can agree to mortgage it or give a lien upon it as soon as he gets it, and equity will enforce the agreement and establish the lien. (*Kribbs* v. *Alford*, 120 N. Y. 519; *Deeley* v. *Dwight*, 132 N. Y. 59; *Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626; *Husted* v. *Ingraham*, 75 N. Y. 251; *Coats* v. *Donnell*, 94 N. Y. 168; *Hovey* v. *Elliott*, 118 N. Y. 124; *Smith* v. *Smith*, 125 N. Y. 224.)

So, where the intent is to give a lien, and what is done to that end is too defective to create it, but is consistent with its creation, and not a contract for something else, equity will treat as done what was intended to be done, and the lien may be established and foreclosed in the same action. (*Sprague* v. *Cochran*, 144 N. Y. 104.) Here the lien was intended to exist the moment Sardy, Coles & Co. got the goods.

The defendants cite *Webb* v. *Walker* (7 Cush. 46). In that case the debtor gave his creditor a power of attorney to sell his interest in a brig in case the debtor made default in payment, and apply the proceeds to the payment of his debt. The debtor retained possession of the brig and sold his interest to the defendant. The court held that the debtor gave the creditor a mere power without any interest in the brig,

but only in the proceeds; that there was no mortgage, pledge, transfer or hypothecation of anything, nor any trust or contract for specific performance; that the creditor, therefore, had but a naked power without interest, which the debtor could revoke. *Hunt* v. *Rousmaniere* (1 Peters, 13) is much like *Webb* v. *Walker*. In these and other cases cited by the defendants, the misfortune of the creditor was that he had a contract different from what he needed. Here the creditor's rights rest upon the contract precisely as written, and the defendants, in effect, seek to change it so as to avoid its just obligations. This equity should not permit.

The objection that J. Bard Rogers was a necessary party was not taken by demurrer. He might have been a proper party, but was not a necessary party, since the plaintiff could establish its case against Nathaniel P. Rogers without his presence. It was not necessary to vacate the assignment to him, but to establish the plaintiff's equitable lien upon the goods assigned and thus to reach them. This was not to defeat the trust, but to hold it to its proper subjects and separate the plaintiff's property from it.

The giving of the note and the security agreements was admitted by the answer. The defendants proved the assignment. The issue was as to the plaintiff's equitable lien upon these goods which the assignment embraced. The plaintiff needed evidence to prove that the assignors gave it the lien, but it no more needed their presence in the action than the assignee needed it in order to prove their assignment to him. The case is thus unlike *First National Bank of Amsterdam* v. *Shuler* (153 N. Y. 163), cited by the defendants.

As to the proceeds of the goods taken in replevin by the plaintiff, it is true that it has been adjudged that the plaintiff had no legal title to these goods, and, therefore, has none to the proceeds; but as it had an equitable title to the goods and thus to their proceeds, it is proper that that equitable title should be confirmed, and resort by the defendants to their legal remedy for the proceeds or upon the replevin bond be barred.

The other questions presented by the defendants involve findings of fact which are not without support in the evidence, and we must, therefore, accept them, notwithstanding a dissent in the affirmance by the Appellate Division.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment affirmed.