JAMES S. THOMPSON et al., Respondents, *v.* HENRY WITTKOP, as Treasurer of ST. ANDREW'S CHURCH SOCIETY, Appellant, Impleaded with Another.

PLEADING — DENIAL SHOULD BE CLEAR AND SPECIFIC — CODE CIV. PRO. § 500.   A denial contained in an answer of all the allegations contained in·specified folios of· a complaint, except as hereinafter admitted, is not good pleading.   It should not, however, be treated as a nullity and thereby deprive the defendant of his right to trial or to amend; the proper remedy is by a motion to have the answer made more·specific and certain. . *Thompson* v. *Wittkop*, 97 App. Div. 642, reversed.

(Argued· February 8, 1906; decided. February 16, 1906.)

APPEAL from an order of the Appellate Division of tl.e Supreme Court in the fourth judicial department, entered October 28, 1904, which reversed a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. E. Brong* for appellant. The answer is sufficient in law to raise an issue of fact. (*Crosley* v. *Kobb,* 22 Wkly. Dig. 570; 3 How. Pr. [N. S.] 37; *Varnum* v. *Hart,* 47 Hun, 188; *Avery* v. *N. Y. C. R. R. Co.,* 29 N. Y. S. R. 918; *Williams* v. *Lindblom,* 68 Hun, 174; *Lyth* v. *Green,* 21 App. Div. 300; *Melcher* v. *Kreiser,* 28 App. Div. 362; *Calkins* v. *Bolton,* 98 N. Y. 511; *Bayliss* v. *Stimson,* 110 N. Y. 621; *People* v. *N. Ry. Co.,* 42 N. Y. 220; *Smith* v. *Gratz,* 59 How. Pr. 274; *Haines* v. *Herrick,* 9 Abb. [N. C.] 385; *Barton* v. *Griffin,* 24 Misc. Rep. 455.) This answer is not open to the objection that it merely gives a different version or statement of the facts contrary to those stated in the complaint unaccompanied by any denial. (*Allis* v. *Leonard,* 22 Alb. L. J. 28; 46 N. Y. 688.) The plaintiff's remedy is by special motion to compel the defendant to make the answer definite and certain, or at least by demurrer. (Abb. Tr. Br. §§ 579, 580; *Greenfield* v. *M. M. L. Ins. Co.,* 47 N. Y. 437; *Potter* v. *Frail,* 67 How. Pr. 445; *Spies* v. *Roberts,* 18 J. & S. 301; *Burley* v. *G. A. Bank,* 111 U. S. 216; *Smith* v. *Coe,* 179 N. Y. 169; *Gilbert* v. *Cram,* 12 How. Pr. 455; *White* v. *Spencer,* 14 N. Y. 247; *King* v. *McKeller,* 109 N. Y. 225; *Simser* v. *Cowan,* 56 Barb. 397; *Tillson* v. *Clark,* 45 Barb. 181; *Reynolds* v. *Lownsbury,* 6 Hill, 535.)

*Ray M. Stanley* for respondents. The defendant's answer is a nullity. (*Avery* v. *N. Y. C. & H. R. R. R. Co.,* 24 N. Y. S. R. 918; *Lyth* v. *Green,* 21 App. Div. 300; *Baylis* v. *Stimson,* 110 N. Y. 621; *Melcher* v. *Kreiser,* 28 App. Div. 362; *Williams* v. *Lindblom,* 68 Hun, 174.) The second

.clause of defendant's attempted denial is absolutely unauthorized. (*M. Mfg. Co.* v. *Salter*, 15 Abb. [N. C.] 305; *Clark* v. *Dillon*, 97 N. Y. 373; *Barton* v. *Griffin*, 36 App. Div. 572; *Miller* v. *McClosky*, 9 Abb. [N. C.] 303.) Where there is no general or specific denial of the material allegations of a complaint, the material facts alleged are not controverted or put in issue by matter alleged in the answer which is merely inconsistent with the facts set forth in the complaint or from which a denial of such facts may be implied or inferred. The specific facts stated must be such as necessarily controvert the allegations of the complaint. (*Wood* v. *Whiting*, 21 Barb. 190; *Marston* v. *Swett*, 66 N. Y. 210; *Rodgers* v. *Clement*, 162 N. Y. 428; *Smith* v. *Coe*, 170 N. Y. 167; *Soper* v. *St. R. P. Co.*, 76 App. Div. 411; *Fleischman* v. *Stern*, 90 N. Y. 110; *West* v. *A. E. Bank*, 44 Barb. 179.) Plaintiffs seasonably raised the objection to the sufficiency of the answer. (*Wachter* v. *Quenzer*, 29 N. Y. 547; *Tilson* v. *Clark*, 45 Barb. 178.)

HAIGHT, J. The order of reversal as entered by the Appellate Division was solely upon the ground that the answer did not contain any general or specific denial of the allegations of the complaint in conformity with the requirements of section 500 of the Code of Civil Procedure. The cause of action set forth in the complaint was for seats furnished a church at the special instance and request of the defendant, for which the plaintiff was to be paid what the same were fairly and reasonably worth. · The denial contained in the answer is as follows: "And for his second and further separate defense this defendant further denies all the allegations contained in folios four and five of said complaint except as hereinafter expressly specifically admitted or otherwise alleged, denied and controverted." Then follows the third allegation of the answer as a separate defense to the effect that the seats were furnished to the church under an agreement to pay three dollars for each seat and that the same had been paid for in full.

While we have examined all of the authorities cited by

counsel in this case bearing upon the question, we shall not here allude to them or attempt to harmonize them further than to state that we have found none which we regard as controlling upon this court. Before the Code, pleadings were strictly construed against the pleader, but under the Code they "must be liberally construed with a view to substantial justice between the parties." (Code Civ. Pro. § 519.) No particular form of denial of the allegations of the complaint is prescribed. The denial, however, should be clear and specific, such as to at once apprise the parties and the court of the matter controverted. The form used by the defendant in this case is not to be commended. It is about as cumbersome as any that could well be devised, and has often been severely criticised by the courts. The original folios upon a complaint are almost always changed in the record made up for review, and consequently it then becomes impossible for the appellate court to determine the matter controverted. In many cases the form of denial used might be so indefinite and uncertain as to leave a doubt as to the allegations of the complaint intended to be put at issue, but in such cases we doubt the propriety of treating the denial as a nullity and thereby depriving the party of his right to trial or to amend his pleadings. We think the better practice is to move to have the pleading made more specific and certain.

In this case the original folios are given. The denial is as to the allegations contained in folios four and five. Folio four begins with a paragraph of the complaint, and that folio and the one which follows it embraces all of the remaining allegations of the complaint down to the demand for judgment, so that there is no chance for misunderstanding as to the matter denied in that regard. The allegation which follows, to the effect that the contract was to pay a definite sum agreed upon for each seat furnished, is also so clear and specific as to leave no room for doubt as to the issue raised for trial. We, therefore, are of the opinion that the pleading in this case as construed by the trial court afforded "substantial justice between the parties."

The order of the Appellate Division should be reversed and the judgment entered upon the verdict affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.