## BABCOCK v. ANSON.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. WORK AND LABOR—CONTRACTS—RECOVERY.

  One performing services for another pursuant to his request therefor may recover without proving an. express agreement to pay.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Work and Labor, §§ 3, 5.]

2. MASTER AND SERVANT—ACTIONS FOR WAGES—ALLEGATION OF NONPAYMENT.

  In an action by an employé for damages for breach of contract of employment by nonpayment, it is necessary to allege nonpayment.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 113.]

3. SAME.

  In an action by an employé, the complaint alleged, as one cause of action, the rendition. of services under an employment therefor and the value of the services. Under a second cause of action, in an independent paragraph, it was alleged that during the period of service the sums stated in the foregoing causes of action became due, and that no payments had been made thereon, except partial payments set forth, leaving a balance. *Held*, that the complaint stated a cause of action, though incorporating the allegation of nonpayment in the independent paragraph was not good pleading.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 113.]

4. PLEADING—COMPLAINT—REFERENCE IN ONE CAUSE OF ACTION TO MATTER ALLEGED IN ANOTHER—DEFECTS—REMEDY.

  Where the complaint setting forth a second cause of action alleges "the entire contents of folio 1" of the complaint, the remedy is not by de-

murrer or dismissal, but by motion to remove the uncertainty arising from it not being known how much is included in the reference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173, 1174.]

5. SAME—SUFFICIENCY.

Unless no cause of action is stated in the complaint, a dismissal for failing to state a cause of action as to one of the items claimed will not be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 117.]

6. MONEY PAID—COMPLAINT—SUFFICIENCY.

A complaint alleging that defendant's intestate became indebted to plaintiff for money paid out and expended for the benefit of the intestate and at her request and in the purchase of merchandise, in a specified sum, sufficiently alleges the origin of the indebtedness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Paid, § 25.]

7. PLEADING—AMENDMENT—COMPLAINT—ALLOWANCE.

The court should allow an amendment to a complaint, because of defects not misleading to defendant, on such terms as it deems equitable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 626, 627.]

Appeal from Trial Term, Oswego County.

Action by Samuel Babcock against Spencer Anson, administrator of Susan Anson, deceased. From a judgment of dismissal on the ground that the complaint did not state a cause of action, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. W. Shea, for appellant.
Udelle Bartlett, for respondent.

SPRING, J. The complaint alleges the death of Susan Anson and the issue of letters of administration to the defendant; further, that at a time stated the plaintiff "went into the employ of the said Susan Anson at her request, and continued in her employ, and performed work, labor, and services for her at her request" until a time alleged, and that the services were those of a laborer and farm hand, and that "said services were reasonably worth the sum of $2,500." These averments comprise the first cause of action, and it is plain they charge that the plaintiff was engaged in the service of the defendant for a definite period, and that the work performed pursuant to the employment was worth a certain sum. It is not necessary to allege that the employer expressly agreed to pay for these services, or to pay a precise sum. If she engaged the plaintiff in her service, or if he performed work at her request, the implication is that she was to pay therefor. She may never have agreed in terms to pay him, although the expectation to do so may be certain. In any event, in ordinary circumstances, the failure of the master to agree expressly to compensate his servant does not debar the latter from recovering what he has fairly earned.

It is urged that the action is to recover damages for breach of contract, and that it is necessary to allege nonpayment of the debt, as

that constitutes the breach. The authorities sustain this contention. Lent et al. v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988; Bacon v. Chapman, 85 App. Div. 309, 82 N. Y. Supp. 545; National Bank of Deposit v. Rogers, 166 N. Y. 380, 387, 59 N. E. 922. Let us examine the complaint further, and see if there is not a reasonable compliance with this rule. There is a second cause of action set out in the pleading. Under that number, but in an independent paragraph, the pleader alleges that during the period above mentioned (and each cause of action spans the same time) "each and every one of the sums stated in the foregoing causes of action became due and payable before the commencement of this action, and no payments have been made thereon, except," etc. The character of the alleged payment is then set forth, aggregating $366, and "leaving a balance due plaintiff herein in said claim and account the sum of $3,434." The claim in the second cause of action is only $1,300, and it is obvious that the amount of the entire indebtedness claimed is ascertained by deducting the sum allowed in reduction of the entire demand.

Incorporating the allegation of nonpayment in the second paragraph or count is not good pleading. It is a jumble which may create confusion, but the remedy for that defect is by motion. A fair interpretation of the whole pleading is that the allegation of nonpayment applies to both demands, and no one can be misled by the faulty arrangement of the allegations. The allegations, taken together, although inartificially placed, state a cause of action, and stand the test. Schlieder v. Dexter, 114 App. Div. 417, 99 N. Y. Supp. 1000.

In the second cause of action the plaintiff alleges "the entire contents of folio 1" of the complaint. From the folioing contained in the record it is uncertain how much was included in this reference, and this method of pleading is not to be sanctioned; but the remedy for its cure is not by demurrer or dismissal at the trial, but by motion. Thompson v. Wittkop, 184 N. Y. 117, 76 N. E. 1081.

In the second cause of action it is alleged that the decedent "became indebted" to the plaintiff for $1,000 "for money had and received * * * from May 5, 1885, to December 3, 1905." It may be, within the authorities, this allegation is a mere conclusion of law. Sampson v. Grand Rapids School Co., 55 App. Div. 163, 66 N. Y. Supp. 815; Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678. But, unless no cause of action is stated in the complaint, a dismissal for failure as to this one item will not be sustained.

For a second item embodied in this paragraph the allegation is that Susan Anson "became indebted unto this plaintiff for money paid out and expended for use and benefit of said Susan Anson and at her instance and request, and in the purchase of lumber, goods, wares, and merchandise, in the sum of $300." We think the origin of this indebtedness is sufficiently alleged, and, if the expenditure was made at the request of the intestate, liability to repay follows.

The complaint alleges, and the answer admits, that a verified statement of the claim was presented to the defendant and rejected by him. The claim is in the record. A bill of particulars, also in the record, was furnished to the defendant. The items which compose the plaintiff's claim are there set out, with the credits admitted in the complaint.

The services claimed cover a period of 20 years, and would not, probably, be susceptible of elucidation by items. While the pleading is not to be commended, we think it does state a cause of action, and, in connection with the verified claim and bill of particulars, was sufficiently explicit to inform the defendant of the claim against him.

When the motion to dismiss was about to be granted, the plaintiff's counsel asked for leave to amend, if there was any informality in the complaint; but leave was denied. It seems quite clear that the defendant was not misled by the defects now urged; and the court, if it was satisfied the complaint was defective, should have allowed an amendment, imposing such terms as it deemed equitable. National Bank of Deposit v. Rogers, 166 N. Y. 380, 387, 59 N. E. 922.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event. So ordered. All concur.