(56 Misc. Rep. 468.)

## SCULLY v. WOLFF.

(Supreme Court, Appellate Term. November 29, 1907.)

PLEADING—ANSWER—SUFFICIENCY OF DENIAL.

Where the complaint in a personal injury action alleged that on a specified day plaintiff, while lawfully passing along a street abutting upon defendant's premises, struck boards projecting from such premises, and was violently thrown to the ground through defendant's negligence, an answer denying any knowledge or information sufficient to form a belief as to the truth or falsity of such allegations was sufficient, and it was error to exclude evidence bearing upon the issues thus raised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

Appeal from City Court of New York.

Action by Margaret Scully against Henry L. Wolff. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Carl Schurz Petrasch, for appellant.
Sidney H. Stuart, for respondent.

LEVENTRITT, J. This action was founded on negligence charged against the defendant. The complaint alleged his ownership of certain premises on 104th street and Third avenue, that he carelessly and negligently maintained those premises by permitting two boards to project beyond the stoop line into the street, and, in paragraph 3:

"That on the 20th day of July, 1903, the plaintiff, while lawfully passing along said street and avenue, and without any negligence on her part, and solely because of the negligence and carelessness of the defendant, as aforesaid, was struck on the feet and caught by said boards, and violently thrown to the ground."

In his answer the defendant admitted his ownership of the premises, and in paragraph 2 denied "any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the complaint numbered 3." The defendant was not permitted on the trial to introduce any evidence bearing upon his freedom from negligence; the court holding that the defendant's denial of the allegations of paragraph 3 of the complaint was insufficient and ineffectual to controvert the allegations of that paragraph. The defendant was therefore compelled to rest his case upon the plaintiff's evidence, which practically reduced the trial to an assessment of damage. The jury returned a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken.

The defendant's exceptions bring up the sufficiency of the answer for our consideration. We are of the opinion that the construction placed by the trial court upon the denial in paragraph 2 was erroneous, that this denial raised an issue as to the allegations of the complaint to which it was directed, and that the evidence offered thereunder should have been received. A defendant, called upon to answer a complaint, stands in one of five positions with respect to the allegations thereof. He either (1) knows them to be true; (2) knows them to be false; (3) has sufficient information to believe them true; (4) has sufficient information to believe them false; or (5) he has not sufficient knowledge or information to form a belief either way. The Code provides that the defendant's answer shall contain:

"A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

This provision does not prescribe any particular form of denial of the allegations of the complaint. It is sufficient if the denial is "such as to at once apprise the parties and the court of the matter controverted." Thompson v. Wittkop, 184 N. Y. 117, 120, 76 N. E.

1081. It was held in Robert Gere Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457, affirmed on opinion below 115 N. Y. 650, 21 N. E. 118, that a denial of knowledge or information sufficient to form a belief as to the truth of an allegation is authorized by the Code, and that form of denial has been adopted as the proper one by some text-writers. Abbott's Forms of Pleading, pp. 1496, 1497. The addition of the words "or falsity" cannot be said to differentiate the form of denial in the present pleading from that which has been generally adopted and has received the stamp of judicial sanction. All that may be said of the effect of the added words is that they have enabled the defendant to define more clearly the position he has chosen to adopt. He not only denies the possession of sufficient knowledge or information to form a belief as to the truth of the plaintiff's allegations, but extends his lack of such knowledge and information to the falsity of those allegations. In other words, he finds himself in the fifth position outlined, and has no knowledge or information sufficient to form a belief either way. A denial in the form approved in Robert Gere Bank v. Inman, supra, raises an issue respecting, and puts the plaintiff to his proof to establish, the truth of his allegations. The denial in the form here used raises the same issue and calls upon the plaintiff to present the same proof. The denial of knowledge or information as to falsity could not in any sense restrict, limit, or qualify the denial of such knowledge or information as to the truth. Under no possible theory could the use of those words be construed as destroying the effectiveness of the denial.

The respondent cites Collins v. North Side Publishing Co., 1 Misc. Rep. 211, 20 N. Y. Supp. 892, as holding that a denial of knowledge or information sufficient to form a belief as to the truth of all the other allegations of the complaint did not raise an issue. That case, however, is not an authority for the respondent's contention. There the answer was criticised, not as to the form of the denial with respect to the use of the word "truth," but because its form was conjunctive. The respondent further relies upon the rule, stated in Clark v. Dillon, 97 N. Y. 370, that ambiguity should always be resolved against the pleader. In the later case of Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 457, 51 N. E. 303, the court say:

"Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. Rochester Railway Co. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008."

This departure from the old rule which prevailed with reference to the construction of pleadings gave rise to some judicial discussion as to whether it overruled the principle enunciated in Clark v. Dillon, which was not referred to in the Coatsworth Case, and it has been stated that, while the new rule is applicable where the sufficiency of the allegations of a pleading to constitute a cause of action or defense was involved, it has no application to the construction of an alleged denial. But in Thompson v. Wittkop, supra, where the denial was of "all the allegations contained in folios 4 and 5 of said com-

plaint, except as hereinafter expressly specifically admitted or otherwise alleged, denied, and controverted," the court, by Haight, J., say:

"While we have examined all the authorities cited by counsel in this case bearing upon the question, we shall not here allude to them or attempt to harmonize them, further than to state that we have found none which we regard as controlling upon this court. Before the Code pleadings were strictly construed against the pleader, but under the Code they 'must be liberally construed with a view to substantial justice between the parties.' Code Civ. Proc. § 519. '* * * The form used by the defendant in this case is not to be commended. It is about as cumbersome as any that could well be devised, and has often been severely criticised by the courts. The original folios upon a complaint are almost always changed in the record made up for review, and consequently it then becomes impossible for the appellate court to determine the matter controverted. In many cases the form of denial used might be so indefinite and uncertain as to leave a doubt as to the allegations of the complaint intended to be put at issue; but in such cases we doubt the propriety of treating the denial as a nullity, and thereby depriving the party of his right to trial or to amend his pleadings. We think the better practice is to move to have the pleading made more definite and certain. * * * We therefore are of the opinion that the pleading in this case, as construed by the trial court, afforded 'substantial justice between the parties.'"

There is, therefore, no longer any room for doubt that the rule of reasonable compliance is applicable to the form as well as to the sufficiency of a pleading. In Bodine v. White (Sup.) 98 N. Y. Supp. 232, where the form of denial was, "Defendant, answering the complaint of the plaintiff herein, denies the same," the language of Mr. Justice Scott, writing for this court, is pertinent:

"The purpose of denials in an answer is to advise the plaintiff just what allegations of the complaint are intended to be put in issue. In matters of form the pleading must be liberally construed, so as to carry into effect the intent of the pleader. The general denial sought to be set up in the first paragraph of the answer in this case, although carelessly and inartificially drawn, indicates with sufficient clearness the pleader's intention to put all the allegations of the complaint in issue, and is therefore a compliance with section 500 of the Code."

We have discussed these authorities, not because the pleading under consideration is ambiguous, but in order to show the development of the modern rule governing the construction of pleadings. Here there is no ambiguity, and not only is the purpose of the pleader clear, but the form of his denial is, both upon principle and authority, proof against criticism or attack. Therefore the defendant should have been permitted to introduce evidence bearing upon the issues raised by paragraph 2 of his answer, and the exclusion by the trial court of the evidence directed to those issues constituted error, which calls for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.