## BELL v. NEW YORK SAFETY STEAM POWER CO.

### Ex parte KNAUTH, NACHOD & KUHNE.

### (Circuit Court, S. D. New York. December 5, 1910.)

**1. CONTRACTS (§ 2*)—VALIDITY—WHAT LAW GOVERNS.**

The validity of a contract made in New York, between a New York corporation and a New York firm, purporting to give a lien on personal property in another state, is prima facie determinable by the law of New York.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 2, 41, 145; Dec. Dig. § 2.*]

**2. CHATTEL MORTGAGES (§ 33*)—EQUITABLE LIENS—EXECUTORY AGREEMENT TO GIVE MORTGAGE.**

A contract to give a chattel mortgage, not filed for record, is not enforceable in equity as a lien as against third parties, where the mortgage, if executed, but not filed, would be void as against such parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 17; Dec. Dig. § 33.*]

**3. RECEIVERS (§ 170*)—RIGHT TO CONTEST MORTGAGE—SEQUESTRATION SUIT AGAINST INSOLVENT CORPORATION.**

A receiver, appointed in a suit in equity to sequestrate and distribute the assets of a corporation, represents the creditors, and may resist a chattel mortgage, void under the statute for want of record against judgment creditors.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 170.*]

In Equity. Suit by Louis F. Bell against the New York Safety Steam Power Company. On petition of receiver. Petition granted.

This is an interlocutory proceeding in a suit brought to sequestrate and distribute the assets of the defendant company. The receiver appointed in sequestration files a petition asking for instructions as to the disposition of 25 electric generating machines, manufactured by the defendant company and sold to the United States government, but subsequently rejected by it. The respondents, Knauth, Nachod & Kuhne, who have been made parties, claim the machines by virtue of a contract entered into on May 11, 1908, between themselves and the company, before the machines came into existence, by which they lent $25,000 to the company, and, among others, upon condition that they should be secured by the machines when built, and by the purchase price when paid. The third paragraph of that contract is as follows:

"As further security for the repayment of said loan, the parties of the first and third parts covenant and agree that the parties of the second part shall have a lien upon, and the right to take possession of, all machinery and parts of machinery, and all finished machines belonging to said parties of the first and third parts, or either of them, and suitable for the performance of the said contract with said Major Taylor, and that they will execute and cause to be executed any further assurance, bill of sale, chattel mortgage, or other instrument demanded by the parties of the second part, and necessary or reasonably adapted to the purpose of making such lien effective and readily enforceable."

The contract was never filed as a chattel mortgage under the laws of the state of New York, and the question arises as to the ownership of the machines which have been returned.

Charles P. Howland, for receiver.
Briesen & Knauth, for Knauth, Nachod & Kuhne.

HAND, District Judge (after stating the facts as above). The lien is good inter partes in equity at common law. Walker v. Brown, 165 U. S. 654, 17 Sup. Ct. 453, 41 L. Ed. 865. It is, moreover, good as against a receiver, since the receiver stands in the place of the debtor, unless it be void, first, under the chattel mortgage act, or, second, under the acts against conveyances without change of possession.

First. What law governs? The contract was made between a New York corporation and a New York firm in New York, and concerned machines which were to be made and sold in Rhode Island. It may well be that a Rhode Island creditor who seized the goods might insist that his rights should be judged under the Rhode Island law. Green v. Van Buskirk, 7 Wall. 139, 19 L. Ed. 109. But that is not this case. Prima facie the lex loci contractus governs, and that is New York; nor is there any reason here to deviate from the rule.

It is clear that against a judgment creditor or a trustee in bankruptcy the lien would be void. Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885. There is nothing in the point that the lien was still equitable, and had not yet taken its intended form as a chattel mortgage. Reynolds v. Ellis, 103 N. Y. 115, 8 N. E. 392, 57 Am. Rep. 701; Skilton v. Codington, supra; Langdon v. Buell, 9 Wend. (N. Y.) 80; Hale v. O. N. Bank, 61 N. Y. 550. A contrary doctrine would involve the absurd holding that, though the lien would have been void, had the contract been performed and the mortgage remained unfiled, still it was valid so long as the contract remained unperformed. That would be a very easy way to avoid the statute. Unexecuted agreements relating to chattels by way of security are within the equity of the statute. Certainly such a lien cannot be better than a mortgage.

A more difficult question is whether the receiver here represents creditors. An assignee for the benefit of creditors does not (National Bank of Deposit v. Rogers, 166 N. Y. 380, 59 N. E. 922), being apparently like any other volunteer. Upon this point the case last cited apparently overrules Reynolds v. Ellis, supra, though in National Bank v. Rogers, supra, there may be a distinction, unnoticed in the opinion, that a trust receipt was given. The cases, however, where such receipts have been held good, are all, I think, where the pledgee had originally taken over the rights of the seller by advancing the price to him. Moors v. Kidder, 106 N. Y. 32, 12 N. E. 818. If so, then National Bank v. Rogers, supra, cannot be so distinguished.

The petitioner's cases do not show that a receiver may not resist the mortgage. Husted v. Ingraham, 75 N. Y. 251, was a case where the lienor succeeded against the receiver of a firm appointed on bill by one partner for dissolution without allegation of insolvency. Such a receiver does not represent the rights of creditors in the same sense as an insolvency receiver. Hale v. O. N. Bank, 49 N. Y. 626, was a case on demurrer, where the defendant appeared to be merely a meddler with the property of the equitable mortgagor. When it appeared on the trial in the same case (64 N. Y. 550) that he was a second mortgagee, he succeeded. Indeed, the lienor seems only to have contended that the mortgagee abused his rights of priority, and to have

conceded that they were in fact prior. In Hovey v. Elliott, 118 N. Y. 124, 23 N. E. 475, the receiver was not appointed in insolvency proceedings, and so did not represent the rights of creditors as such at all. Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614, was a case of land, to which the chattel mortgage act does not apply. There was an actual mortgage given, though whether it was recorded or not does appear. In any case the question of the recording act was not raised, so that the decision was at common law. In Coman v. Lakey, 80 N. Y. 345, the transaction was construed as a conditional sale, which is valid as against creditors. Black v. Ellis, 197 N. Y. 402, 90 N. E. 958, seems to follow Coman v. Lakey, as well as to rest upon the theory that the mortgage was a purchase-money mortgage. It certainly does not make for the petitioner.

On the other hand, receivers in supplementary proceedings may dispute the mortgage (Porter v. Williams, 9 N. Y. 142, 59 Am. Dec. 519; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11) certainly by suit in equity to recover the property (Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678); but it must be conceded that they stand explicitly in the right of the judgment creditors, and are not therefore precisely like sequestration receivers in equity. A statutory receiver of a corporation in insolvency after judgment may also set aside such a mortgage. Rudd v. Robinson, 54 Hun, 339, 7 N. Y. Supp. 535; Farmers' Loan & Trust Co. v. Baker, 20 Misc. Rep. 387, 46 N. Y. Supp. 266 (Beekman, J.). It is true that these decisions are not, under the rules governing federal courts, authoritative; but they are of importance as authority, especially the opinion of Mr. Justice Beekman, even though he includes with such receivers assignees for the benefit of creditors; the law in that regard being subsequently changed by National Bank v. Rogers, supra, as appears above.

If a statutory receiver may dispute the mortgage, may a sequestration receiver in equity do the same? Such a receiver may be appointed only after judgment, except by the consent of the defendant, and his duties are similar in character to those of a receiver after judgment of a corporation or individual, except as these have been hedged about with statutory limitation. The rationale of the cases seems to be the same. Each is the representative of the creditors. If the courts of New York insisted that there should be some express statutory bestowal of this right upon any representative of the creditors, that would, of course, be the law of that state; but such does not seem to be the fact. The last expression of the Court of Appeals in Skilton v. Codington, supra, is certainly more liberal in its aspect. For example, on page 87 of 185 N. Y., and page 792 of 77 N. E. (113 Am. St. Rep. 885), occurs the following language:

"Where the recovery of a judgment becomes impracticable, it is not an indispensable requisite to enforcing the rights of a creditor."

However, it must be conceded that Skilton v. Codington eventually seems to rest upon section 67 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), which no doubt

deprives that case of some of its weight as an authority for these purposes.

The case at bar is, so far as I can find, strictly·res integra; a question, therefore, of interpreting the statute of New York. It is, however, settled beyond question that judgment is not a condition precedent to the existence of the creditors' rights against an unfiled chattel mortgage. It is only matter of procedure. All considerations of policy and consistency unite to recommend the interpretation which allows this receiver to resist the claim. The alternative would be to sequestrate the assets till the creditors might go to judgment and then let them intervene. That would be a very dry proceeding.

The answer of the firm, therefore, sets up no valid claim to the goods, and the receiver is awarded them upon his petition, together with a docket fee and disbursements.

Let such an order pass.