(89 Misc. Rep. 557)

BRITT et al. v. HOLZMAN et al.

(Supreme Court, Special Term, New York County. March, 1915.)

PLEADING ⬥367—ANSWER—MOTION TO MAKE CERTAIN.

 In the second paragraph of their answer, defendants denied each and every allegation contained in certain paragraphs of the complaint, "except so much thereof as shall be thereafter specifically admitted," and in a separate defense, by implication only, were the allegations of the complaint admitted. Portions of the denials contained in the answer related to matters of which defendant must have had knowledge, or which were matters of public record. *Held*, that a motion requiring defendants to make their answer more definite and certain should be granted.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. ⬥367.]

Action by Frank J. Britt and others against Samuel Holzman and others. On motion to require defendants to make their answer more definite and certain. Motion granted.

Walter Carroll Low, of New York City, for plaintiffs.
Harry Edwards, of New York City, for defendants.

COHALAN, J. The plaintiffs move for an order requiring the defendants to make their answer more definite and certain. In paragraph second of the answer the defendants deny each and every allegation contained in the eighteenth and twentieth paragraphs of the complaint, "except so much thereof as shall be thereafter specifically admitted." In a separate defense set up in the answer by implication only are the allegations of the complaint admitted.

It is needless to say that the denial should be clear and specific, such as at once to apprise the parties and the court of the matter controverted. This form of denial was condemned in the case of Thompson v. Wittkop, 184 N. Y. 117, 76 N. E. 1081. Moreover, portions of the denials contained in the answer relate to matters of which the defendants must have personal knowledge, or which are matters of public record capable of ascertainment upon ordinary inquiry. If the matters of which the defendants must have personal knowledge are mixed with denials of allegations which the defendants cannot deny, it is proper practice to call the pleader's attention to this fact, in order that an opportunity may be given him to amend his pleading by omitting the objectionable portions thereof. Kirschbaum v. Eschmann, 205 N. Y.

127, 98 N. E. 328; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771.

It is set forth in the third paragraph of the complaint that the plaintiff recovered a judgment in the City Court of the city of New York against the defendant Joseph F. Keyrouse, that a transcript of the judgment was filed in the office of the clerk of New York county and that an execution thereof was issued to the sheriff of the county and by him returned unsatisfied. There are other allegations of a similar nature, all of which are of public record and capable of ascertainment by the defendants.

The motion is granted, with leave to the defendants to serve the amended answer within 20 days from the date of the entry of the order filed herein. Ordered accordingly.