FRIEDA IDA ABRAMSON, as Sole Executrix, etc., of STEPHEN CRICK, Deceased, Appellant, *v.* SAUL SPERLING, Respondent.

Supreme Court, Appellate Term, First Department, March 24, 1937.

*Joseph A. Fagnant*, for the appellant.

*Walter X. Connor* [*Raymond Parmer* and *Samuel Beinhart* of counsel], for the respondent.

LYDON, J. I agree with the conclusion reached by the learned court below but for different reasons.

Plaintiff, as executrix, sues defendant, an attorney, for a one-third share of a fee collected by the latter. The claim was held unenforcible below because of supposed illegality. We find nothing illegal in what plaintiff claims to have done but we do not find that any agreement entitling her to recover is either alleged or susceptible of inference from the facts pleaded.

Plaintiff alleges, in substance, that she was informed by defendant that her testator, also an attorney at law, had expressed a wish during his last illness that defendant should continue his pending suits at law after his death, and that at defendant's request she communicated this wish to decedent's clients and suggested to them that they communicate with defendant. Of course there was nothing wrong or illegal in all this, and that is all that plaintiff claims to have done. She says that defendant subsequently " became substituted " as attorney in place of decedent in several

of the said lawsuits. But she does not say that she had anything to do with effecting such substitution or that she made any bargain for any division of fees. Later, she says, defendant received a fee of $3,842.40 in one of the cases. In separate causes of action she claims one-third of that fee, *first*, by virtue of an alleged custom between attorneys to share fees in that proportion in any business sent by one to another and, *second*, because the reasonable value of her services is a sum equal to one-third of the fee.

Plaintiff, not being an attorney, does not come within the custom pleaded by her and she pleads no agreement to pay the reasonable value of her services. She must, therefore, rely upon an implied agreement. But we think the facts insufficient, as matter of law, to support such an implication. The services were not rendered in the course of conducting any business or profession nor in the course of administering the estate. Upon the facts pleaded the only permissible inference is that what plaintiff did was done gratuitously.

Order modified by allowing plaintiff to serve an amended complaint within ten days after service of order entered hereon, and as modified affirmed, with ten dollars costs and disbursements to respondent.

Present — LYDON, HAMMER and FRANKENTHALER, JJ.; FRANK-ENTHALER, J., dissents, with opinion.

HAMMER, J. (concurring). An executor renders such services as are required in the administration of the estate in accordance with the will' and under the law. Compensation for such services is provided for by the will or by statute and is payable only when allowed by a competent court. When services are such as are bound, because of the office, to be rendered in person, no extra compensation is allowed. When services are extra or such as the executor might have performed by another in a proper case, on accounting extra compensation may be allowed. The compensation in any event is payable, if allowed, out of the estate. If a testator had been in a business and after death it were continued by an executor, collection might properly be made for goods sold or work done in the name of the estate. Here the testator was a lawyer, and the executrix is not, and no function of the testator or continuation of his practice could be carried on by the executrix.

Plaintiff would not be permitted to deal with the trust so as to gain any personal advantage directly or indirectly for herself. The services here, for which plaintiff is suing as executrix for the reasonable value, are in inducing the testator's client to retain defendant, who is an attorney. The lower court said this was illegal under

section 270 of the Penal Law, in that it was either procuring a client for an attorney or furnishing an attorney to a client. It is my opinion that even if such services can be held not to violate section 270, they were merely incidental to the duties of the executrix and furnish no consideration for the alleged implied obligation of payment therefor by defendant. Plaintiff's remedy seems to me to be limited to a claim for the reasonable value of the services of the testator, to be enforced either by proceeding in respect of attorney's lien, or by action for the reasonable value. The complaint does not state facts sufficient to constitute a cause of action.

I agree with the modification recommended by Justice LYDON.

FRANKENTHALER, J. (dissenting). The plaintiff in this action, executrix of an attorney, sues to recover the value of services rendered to defendant, also an attorney.

The complaint alleges that during the pendency of the probate proceeding defendant informed plaintiff, executrix and petitioner in the proceeding, that the testator had expressed a wish during his last illness that defendant should continue the prosecution of decedent's suits at law and requested plaintiff to advise decedent's clients of said wish and to suggest to the clients that they communicate with defendant; that in reliance upon the information and in compliance with said request plaintiff gave the advice and made the suggestion requested by defendant, and defendant subsequently became substituted in place of the decedent in several of said law suits and received a fee in one of them amounting to $3,842.40. Plaintiff further alleges that the reasonable value of the services so performed by plaintiff at defendant's request is one-third of the fee received in said law suit.

The court below, pursuant to motion made under rule 106 of the Rules of Civil Practice, dismissed the complaint on the ground that it does not state facts sufficient to constitute a cause of action, upon the theory that the contract set out in the pleading was illegal and void under section 270 of the Penal Law.

While I agree with Justice LYDON that there is nothing illegal in the agreement pleaded by plaintiff, I cannot concur in the view that no agreement entitling plaintiff to recover " is either alleged or susceptible of inference from the facts pleaded."

It seems to me that proof of the facts pleaded would make out a prima facie case for plaintiff.

Williston in his work on Contracts (Vol. 1 [Rev. ed.], § 36) says that any conduct from which a reasonable person in the offeree's position would be justified in inferring a promise in return for a requested promise by the offeree amounts to an offer. " The common illustration of this principle is where performance of work

or services is requested. If the request is for performance as a favor, no offer to contract is made, and performance of the work or services will not create a contract; but if the request is made under such circumstances that a reasonable person would infer an intent to pay for them (and this is always a question of fact under all the circumstances of the case) the request amounts to an offer, and a contract is created by the performance of the work. And even though no request is made for the performance of work or service, if it is known that it is being rendered with the expectation of pay, the person benefited is liable." (See *Babcock* v. *Anson*, 122 App. Div. 73; *Matter of Agnew*, 132 Misc. 466; *Gilday* v. *Hennen*, 79 id. 252.)

" In the ordinary case, where there is no relationship existing between the party rendering the service and the party for whom the service was rendered, proof that the service was rendered at the request and with the consent of such party would establish a *prima facie* case for the plaintiff." (Keener on Quasi-Contracts, pp. 317, 318, note.)

The order should be reversed and the motion denied, with ten dollars costs and disbursements.