### SOUTHERN RY. CO. v. LESTER.

(Circuit Court of Appeals, Sixth Circuit. February 27, 1907.)

No. 1,585.

**1. APPEAL AND ERROR—REVIEW—RULINGS EXCLUDING EVIDENCE.**

The presumption in an appellate court is that the judgment below was right, and the burden of showing to the contrary rests upon the plaintiff in error; and to show that the exclusion of testimony offered was erroneous and harmful he must show what he claimed such testimony would have been and would have proved, if admitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3670.]

**2. WITNESSES—CROSS-EXAMINATION—QUESTIONS AFFECTING ACCURACY OF DIRECT TESTIMONY.**

Where, in an action to recover for a personal injury received in a railroad wreck, a physician testified on behalf of defendant that he examined plaintiff at the place and time of the wreck and to his condition, it was proper on cross-examination to require him to state the conditions then existing as to the confusion, etc., which might affect the fullness and accuracy of his observations and examination.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Jourolmon, Welcker & Smith, for plaintiff in error.

Pickle, Turner & Kennerly, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The defendant in error brought this suit to recover damages for a personal injury sustained by him in a disastrous collision which occurred near New Market, Tenn., on September 24, 1904, between two of the railway company's trains on one of which the plaintiff below was a passenger, in consequence, as he alleges, of the negligence of the railway company. His injuries consisted of some wounds and bruises, but chiefly in a nervous shock from which he suffered several months and was for a long time under medical treatment. The negligence of the railway company was scarcely disputed, and there really seems no reason to doubt that the defendant in error was entitled to recover some damages. The question most contested at the trial was the extent of the injury. The verdict of the jury was in favor of the plaintiff in the sum of $2,700.. The defendant moved for a new trial, which was refused, and judgment was entered upon the verdict.

The plaintiff in error assigns six grounds for reversing this judgment. The sixth of these is for error in refusing the motion for a new trial. This may be dismissed because not subject to review.

The first four of the errors assigned are rested upon the rejection of evidence, and, as they are all alike, they have been argued, and will now be considered, together.

The plaintiff below is an attorney at law, and testified in his own behalf. On cross-examination he was asked by counsel for the defendant several questions, as follows:

"Q. 1. Mr. Lester, are you the same C. W. Lester who had a suit against the railroad, company dismissed in Bradley county circuit court because of champerty?

"Q. 2. Are you the same C. W. Lester that the Supreme Court of Tennessee, at its last term, issued an order requiring you to show cause why you should not be stricken from the roll of attorneys?

"Q. 3. Mr. Lester, did you not go to Morristown, before you were injured, and then to a Mr. Bolton's house, one night, and call him out of bed and tell him that the Southern Railway Company had sent you there to get a statement from him, as its attorney, the said Bolton being an employé of the Southern Railway Company, regarding the manner of a wreck at Whitesburg, in which Dave Hill, another employé of the railway company, lost his wife?

"Q. 4. Mr. Lester, I ask you if you didn't after you had made that representation, get Bolton to write out a statement about the injuries to Dave Hill, and sign it and give it to you as a Southern Railway attorney, when you were not such attorney?

"Q. 5. I further ask you if, on the next day, in the office of the Southern Railway Company, here in Knoxville, you did not admit that you had gotten the statement referred to, under the conditions mentioned in the above question, to Mr. Cleage, in the presence of Bolton, and you stated to them that you regarded that as a legitimate way to get a lawsuit against the Southern Railway Company?"

Each of them was objected to upon the ground that it was incompetent and inadmissible. But no privilege was claimed. The objections were sustained, and the defendant excepted. Counsel for defendant neglected to state to the court what answer he expected from the witness. Whether it was proposed to impeach him as a witness, or to affect his standing as a lawyer and thereby diminish the damages, seems uncertain. Moreover, the answer which might naturally be expected from such a question could not be with any certainty inferred

from the character of it. The presumption on this review is that the case was properly tried and that the judgment is right. The burden of showing the contrary is upon the plaintiff in error, and, in order to preserve the question and to show that the exclusion of the testimony was harmful, it was incumbent in the party claiming to be injured to show what he claimed the testimony would prove. This is the recognized rule in the federal as well as the state courts. A long list of decisions in the state courts to this effect is given in 3 Cyc., at pages 165, 166. Some of the cases in the Supreme Court of the United States where the rule has been stated and applied are: Packet Co. v. Clough, 20 Wall. 528, 22 L. Ed. 406; Railroad Company v. Smith, 21 Wall. 255, 22 L. Ed. 513; Thompson v. Bank, 111 U. S. 529, 4 Sup. Ct. 689, 28 L. Ed. 507; Shauer v. Alterton, 151 U. S. 607, 14 Sup. Ct. 442, 38 L. Ed. 286; Buckstaff v. Russell, 151 U. S. 626, 14 Sup. Ct. 448, 38 L. Ed. 292. And as said by Mr. Justice Harlan in Shauer v. Alterton, supra:

"The rule is not the less applicable in the present case, because the trial court excluded the answer to the question upon the particular ground stated in the bill of exceptions."

For the same reason, the rule is not the less applicable because the grounds stated were too general.

These four of the assignments of error must be overruled.

The fifth assignment is that the court erred in admitting certain testimony given on cross-examination of a physician and surgeon, Dr. Jones, a witness called by the plaintiff in error, who testified to his being at the place of the wreck and examining the plaintiff there, and to his subsequent examination of the plaintiff at the Knoxville Hospital. In answer to questions put by counsel for the plaintiff, now defendant in error, though what the questions were does not appear, he testified that "there was great confusion at the wreck; it imparted itself to me as a physician—would confuse anybody. I had to nerve myself up to avoid it." This testimony was objected to "because," quoting from the record, "this case must be tried upon the effect it had on the plaintiff alone, and not upon other conditions and circumstances." This objection did not touch the ground on which the admissibility of the testimony rested. It tended to prove the conditions in which the witness acquired his knowledge of the facts about which he was testifying, and which would be likely to affect the fullness and accuracy of his observation and the impressions of the facts which he brought from the wreck to the trial; and for this purpose the evidence was clearly competent. The rule here applied is a deduction of common reason, and needs no citation of authorities to confirm it. But see 1 Wharton on Evidence, § 404; 2 Wigmore on Evidence, 994. We express no opinion upon the question whether the evidence, if received for any other purpose, was such as would be at all likely to influence the verdict.

The judgment must be affirmed, with costs.