UNITED STATES v. NINE BARRELS OF OLIVES.

(District Court, E. D. Pennsylvania. June 30, 1910.)

No. 6.

1. FOOD (§ 24*)—PURE FOOD LAW—ADULTERATION OR MISBRANDING—FORFEITURE—PRELIMINARY EXAMINATION.

Food and Drugs Act June 30, 1906, c. 3915, § 4, 34 Stat. 769 (U. S. Comp. St. Supp. 1909, p. 1189), providing for preliminary examination by the Department of Agriculture for alleged adulteration or misbranding of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

food or drug products, does not apply to a libel for forfeiture authorized by section 10, which provides for a hearing in court in accordance with proceedings in admiralty, so that a preliminary examination before the Department of Agriculture is not a necessary condition precedent to the maintenance of a libel 'for the condemnation of the alleged objectionable product.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 24.*]

2. FOOD (§ 24*)—PURE FOOD LAW—POSSESSION—BOND—EFFECT.

Food and Drugs Act June 30, 1906, c. 3915, § 11, 34 Stat. 772 (U. S. Comp. St. Supp. 1909, p. 1194), provides for the examination of articles sought to be imported, suspected of being adulterated or misbranded, by the Department of Agriculture, and declares that, if they are found to be so, entry shall be forbidden, and they shall be destroyed unless exported within three months from the date of notice of refusal of entry, except that, pending examination, the importer shall obtain possession by executing a penal bond conditioned to return the goods to the Secretary of the Treasury when demanded, etc. Held that, where proceedings were instituted for the examination and exclusion of certain alleged adulterated or misbranded olives, the importer's execution of a bond for possession under such section did not amount to an official declaration that the olives had been found to comply with the act.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 24.*]

Libel by the United States for the condemnation of nine barrels of olives, under the food and drugs act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]). Sustained.

Jasper Yeates Brinton, for the United States.

Arthur F. Schneider, for claimant.

J. B. McPHERSON, District Judge. The food product under inquiry in this case is black olives imported from Greece. The shipment was seized under the authority of section 10 of the food and drugs act of 1906 (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1909, p. 1193]). The importer appeared and claimed the goods, and a trial was had before the court without a jury, in which witnesses were examined and other evidence was produced.

The claimant objects to the jurisdiction of the court on the ground that no preliminary hearing was had by the Secretary of Agriculture in accordance with the provisions of section 4. To this it is enough to reply that section 10 of the act, under which the present seizure was made, is independent of section 4. This has already been decided by Judge Morris in United States v. 50 Barrels of Whisky (D. C.) 165 Fed. 966, and by Judge Dayton in United States v. 65 Casks, etc. (D. C.) 170 Fed. 449, and I agree with the result of these decisions. The precise scope of section 4 need not now be determined. It is enough to say for the present that it does not apply to a libel for forfeiture. Under section 10 provision is made for a hearing in court under this well-known process according to the practice of the District Court in admiralty, and a preliminary hearing going over the same ground would be superfluous. Of course, if the act required such a hearing, the court would obey the statute; but in my opinion the procedure under section 10 is complete in itself, and is not a mere continuation of the proceeding referred to in section 4.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Another defense is that the claimant has given the bond required by section 11, and that the acceptance of this bond by the government is equivalent to an official declaration that the olives had been found to comply with the act.    I do not so understand the section, which reads as follows:

"The Secretary of the Treasury shall deliver to the Secretary of Agriculture, upon his request from time to time, samples of foods and drugs which are being imported into the United States or offered for import, giving notice thereof to the owner or consignee, who may appear before the Secretary of Agriculture, and have the right to introduce testimony, and if it appear from the examination of such samples that any article of food or drug offered to be imported into the United States is adulterated or misbranded within the meaning of this act, or is otherwise dangerous to the health of the people of the United States, or is of a kind forbidden entry into, or forbidden to be sold or restricted in sale in the country in which it is made or from which it is exported, or is otherwise falsely labeled in any respect, the said article shall be refused admission, and the Secretary of the Treasury shall refuse delivery to the consignee and shall cause the destruction of any goods refused delivery which shall not be exported by the consignee within three months from the date of notice of such refusal under such regulations as the Secretary of the Treasury may prescribe: Provided, that the Secretary of the Treasury may deliver to the consignee such goods pending examination and decision in the matter on execution of a penal bond for the amount of the full invoice value of such goods, together with the duty thereon, and on refusal to return such goods for any cause to the custody of the Secretary of the Treasury, when demanded, for the purpose of excluding them from the country, or for any other purpose, said consignee shall forfeit the full amount of the bond: And provided further, that all charges for storage, cartage, and labor on goods which are refused admission or delivery shall be paid by the owner or consignee, and in default of such payment shall constitute a lien against any future importation made by such owner or consignee."

In other words, if an examination is in progress before the Secretary of Agriculture, the importer may take the risk that the result will be what he desires, and may obtain possession of the goods by giving bond to return them in case the result should be adverse.  This section does not appear to be so connected with section 10 as to present any obstacle to the remedy by forfeiture.

It only remains to add that, having heard and considered the evidence and the arguments of counsel, I am of opinion, and so find, that the olives in question consist in whole or in part of a decomposed vegetable substance, and should therefore be condemned.

An appropriate judgment may be entered in favor of the United States.