UNITED STATES v. TWENTY CASES OF GRAPE JUICE.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 261.

FOOD (§§ 19, 24*)—FOOD AND DRUGS ACT—SUIT FOR CONDEMNATION—CONDITIONS PRECEDENT.

The provision of Food and Drugs Act June 30, 1906, c. 3915, § 5, 34 Stat. 769 (U. S. Comp. St. Supp. 1909, p. 1189), making it the duty of the district attorney to commence appropriate proceedings for the enforcement of penalties for violation of the act, when such violation shall be reported by the Secretary of Agriculture, contemplates that the report of the Secretary shall be the one provided for by section 4 of the act, which is only to be made after an examination of samples, and a hearing on notice of the person from whom the samples were taken; and such a notice and hearing are conditions precedent to the institution of either a criminal prosecution under section 2 or condemnation proceedings under section 10, where they are based on a report from the Secretary.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 17; Dec. Dig. §§ 19, 24.*]

Appeal from the District Court of the United States for the Western District of New York.

Libel by the United States against Twenty Cases of Grape Juice; S. M. Flickinger & Co., claimants. Decree for claimants, and the United States appeals. Affirmed.

Appeal from a decree of the District Court, Western District of New York, entered upon the verdict of a jury rendered in accordance with the direction

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Court in proceedings instituted by the Government for the condemnation, as being adulterated and misbranded, of certain cases of grape juice under the provisions of Food & Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), of which act the relevant portions are printed in the footnote.[1]

It was stipulated upon the hearing of the appeal in this court that the proceedings were instituted by the district attorney for the Western district of New York solely upon and by reason of a report made to him by the Secre-

---

[1] "Sec. 2. * * * any person who shall ship or deliver for shipment from any state or territory or the District of Columbia to any other state or territory, or the District of Columbia, or to a foreign country, or who shall receive * * * any such article so adulterated or misbranded within the meaning of this act * * * shall be guilty of a misdemeanor, and for such offense be fined not exceeding $200 for the first offense, and upon conviction for each subsequent offense not exceeding $300, or be imprisoned not exceeding one year, or both, in the discretion of the court. * * * *"

"Sec. 4. That the examinations of specimens of foods and drugs shall be made in the Bureau of Chemistry of the Department of Agriculture, or under the direction and supervision of such bureau, for the purpose of determining from such examinations whether such articles are adulterated or misbranded within the meaning of this act; and if it shall appear from any such examination that any of such specimens is adulterated or misbranded within the meaning of this act, the Secretary of Agriculture shall cause notice thereof to be given to the party from whom such sample was obtained. Any party so notified shall be given an opportunity to be heard under such rules and regulations as may be prescribed as aforesaid, and if it appears that any of the provisions of this act have been violated by such party, then the Secretary of Agriculture shall at once certify the facts to the proper United States district attorney, with a copy of the results of the analysis or the examination of such article duly authenticated by the analyst or officer making such examination, under the authority of such officer. After judgment of the court, notice shall be given by publication in such manner as may be prescribed by the rules and regulations aforesaid."

"Sec. 5. That it shall be the duty of each district attorney to whom the Secretary of Agriculture shall report any violation of this act, or to whom any health or food or drug officer or agent of any state, territory, or the District of Columbia shall present satisfactory evidence of any such violation to cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States, without delay, for the enforcement of the penalties as in such case herein provided."

"Sec. 10. That any article of food, drug, or liquor that is adulterated or misbranded within the meaning of this act, and is being transported from one state, territory, district, or insular possession to another for sale, or, having been transported, remains unloaded, unsold or in original unbroken packages * * * shall be liable to be proceeded against in any District Court of the United States within the district where the same is found, and seized for confiscation by a process of libel for condemnation. And if such article is condemned as being adulterated or misbranded, or of a poisonous or deleterious character, within the meaning of this act, the same shall be disposed of by destruction or sale, as the said court may direct, and the proceeds thereof, if sold, less the legal costs and charges, shall be paid into the treasury of the United States, but such goods shall not be sold in any jurisdiction contrary to the provisions of this act or the laws of that jurisdiction: Provided, however, that upon the payment of the costs of such libel proceedings and the execution and delivery of a good and sufficient bond to the effect that such articles shall not be sold or otherwise disposed of contrary to the provisions of this act, * * * the court may by order direct that such articles be delivered to the owner thereof. The proceedings of such libel cases shall conform, as near as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in any such case, and all such proceedings shall be at the suit of and in the name of the United States."

tary of Agriculture of a violation of said act. It was also conceded that the steps prescribed in section 4 of said act with respect to notice and hearing had not been taken as a basis for the report made by the Secretary of Agriculture. The District Judge ruled that it was a condition precedent to the institution of proceedings under section 10 of the act upon a report from the Secretary of Agriculture that said steps prescribed in section 4 should have been taken and, consequently, directed a verdict for the respondents.

John Lord O'Brian, U. S. Atty.
Adelbert Moot and Helen Z. M. Rodgers, for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The different sections of the food and drugs act while relating to different subjects are consistent and, in many respects, interdependent. The second section—the relevant portions of which have been shown—provides that any person violating the provisions of the act shall be guilty of a misdemeanor and subject to fine and imprisonment. The tenth section provides that articles sold or transported in violation of the provisions of the act shall be liable to seizure and condemnation. Both sections relate to penalties for violations of the act. The penalty under one section is a fine and imprisonment. The penalty under the other section is the forfeiture of the misbranded or adulterated goods. Both sections are penal in their nature. Punishment is as well inflicted by the forfeiture and loss of property as by a fine. The two sections taken together (with the first section which relates to manufacture in territories) cover the subject of the punishment imposed for breaches of the provisions of the statute.

Section 5 of the act must also be read in connection with sections 2 and 10. The latter, as we have seen, relate to penalties. The former provides for the enforcement of such penalties. It makes it the duty of the proper district attorney upon the presentation of "satisfactory evidence" of a violation of the act by any state health or food officer to cause appropriate proceedings to be instituted and prosecuted. It also provides that the district attorney shall institute such proceedings in case the Secretary of Agriculture shall report to him any violations of the act. But in this case it is not required that evidence of a violation of the act shall be presented. The report of the Secretary is in itself made the basis of proceedings.

Now, if section 5 stood apart from other provisions of the statute it would contravene a practice so long and well established as almost to amount to a fundamental right, viz.: That proceedings for the punishment of the citizen shall be instituted only after investigation by some public official. To compel a district attorney to institute proceedings upon the report of another official without requiring the latter to investigate before making such report would be most extraordinary. And this act does not so require. It is made the duty of the district attorney to act upon the report of the Secretary of Agriculture without the presentation of evidence required in other cases only because section 4 of the act throws the duty of making investigation upon the Secretary before he makes his report. The preliminary ex-

amination in such case is made by the Secretary instead of the district attorney. The sections are interdependent and must be read together, and when so read they are found to present an orderly and a just procedure. As then the "report" of the Secretary of Agriculture referred to in section 5 is the certificate of facts which he is required to make under section 4, it necessarily follows that the steps required to be taken preliminary to certifying the facts—including notice and hearing—must be taken before such a report as the law requires can be made. And it also follows, upon principles already considered, that when such report is at all a prerequisite to proceedings under section 5, it is as necessary to proceedings for the enforcement of penalties by way of forfeiture as by way of fine or imprisonment.

Looking at the question involved from a slightly different point of view the same conclusion must be reached. Section 4 of the act —as we have seen—provides for the examination of articles by the Bureau of Chemistry of the Department of Agriculture for the purpose of determining whether they are adulterated or misbranded. If they are found to be adulterated or misbranded notice and an opportunity to be heard must be given to the party from whom they were obtained. If it then appears that the act has been violated the Secretary of Agriculture must certify the facts to the proper district attorney. This is the only report of the violation of the act which the statute requires the Secretary to make. When made it affords, without further investigation, the basis for the institution by the district attorney of appropriate proceedings for the enforcement of the penalties prescribed in the act. But it is just as necessary that the report which is the basis for the condemnation proceedings should be made according to law as it is that such report should be a lawful one when it affords the basis for a criminal prosecution.

It must be distinctly borne in mind that the requirement of a preliminary investigation including notice and hearing applies only when the district attorney acts upon the report of the Secretary of Agriculture. It is not required when he acts upon evidence furnished by any state health officer and undoubtedly would not be required in proceedings taken at his own initiative.[2] Apparently the statute does not contemplate reports by the Secretary except when due examinations have been made, and leaves the ordinary cases requiring immediate prosecution or seizure to the action of local authorities. We perceive no ground whatever for the contention of the government that if its position in this case be not sustained section 10 of the act may as well be treated as a dead letter.

---

[2] It is not necessary to be determined in this case whether section 5 of the act in any way limits district attorneys in their right as the prosecuting officers of the United States to institute criminal proceedings or proceedings in rem when satisfied by satisfactory evidence obtained from other persons than health officers that the provisions of the act have been violated; and nothing in this opinion is to be considered as holding that the proceedings in this case could not have been taken by the district attorney as the result of his own investigation. Our opinion is based wholly upon the stipulation that the district attorney acted altogether in pursuance of the report of the Secretary of Agriculture.

We are aware that decisions have been rendered in several District Courts contrary to the conclusions reached in this opinion. It is sufficient to say that the reasoning of those cases does not commend itself to our approval and that we are unable to follow them.

The decree of the District Court is affirmed.