<hr/>

### CLARKE et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 20, 1918.)

#### No. 2385.

CRIMINAL LAW ⟨⇒⟩1144(½)—REVIEW—PRESUMPTION.

> Where the evidence is not in the record, the only complaint being verdict was contrary to the charge of the court, it will be assumed that proof was adduced to warrant submitting case to jury.

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

Criminal prosecution by the United States against Frederick H. Clarke, Henry F. Clarke, Fred J. Nagel, John A. Simpson, the Kent Motors Corporation, and the Securities Company of America. Judgment of conviction, and defendants bring error. Affirmed.

George Haldorn and W. H. K. Davey, both of New York City, for plaintiffs in error.

Archibald Palmer, of New York City, for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. In the court below the defendants were jointly indicted for using the mails in pursuance of a scheme or artifice to defraud, the details of which scheme need not be here detailed. To this indictment the defendants pleaded, and the cause was tried at great length and resulted in the conviction of these defendants. From judgments imposing sentence they have sued out this writ.

A large number of witnesses were examined, the defendants were represented by competent counsel, and the case was submitted to the jury in a charge whose fairness was such that no exception was taken thereto on behalf of the defendants. Indeed, far from there being

any complaint to the charge, the only error assigned is "that the verdict as to said defendants was contrary to the charge of the court." As the evidence has not been produced and is not before us, we must assume proof was adduced which constrained the case be submitted to the jury, and as the charge of the trial judge submitted these proofs to the jury with fairness, we cannot find any assigned error which warrants a reversal.

Another matter we refer to, lest by our silence it might be supposed we had not considered the same. That is the admission in evidence of a letter written to F. S. Nagel, dated January 29, 1917. It suffices to say that, although the admission of such letter was not assigned for error, we have, by virtue of the right provided for in our own rules, examined the question of its admission with the same force and effect as though before us on a timely exception and a due assignment, with the result that we find its admission involved no error which would justify the reversal of this judgment.

Satisfied as we are that the defendants had an impartial trial, we affirm the judgment of sentence entered by the court below.