SAMUEL OLSON & CO. v. VOORHEES et al. WILMOT ENGINEERING CO., Inc., v. SAME. H. H. ROBERTSON CO. v. SAME.

(Circuit Court of Appeals, Third Circuit. September 1, 1923.)

Nos. 2952–2954.

1. **Equity ⬡⟹213—Undenied allegations of answer accepted as true.**
Specific allegations of an answer, not denied, are to be taken as true.

2. **Receivers ⬡⟹167—May avoid conditional sale contract in right of creditors.**
Receivers appointed for the purpose of winding up the affairs of a corporation and distributing its assets to creditors represent the creditors, and may avoid any conditional sales agreement that the creditors themselves could avoid.

3. **Receivers ⬡⟹77(1)—Reservation of title in seller held void as against receivers.**
Under Conditional Sales Act N. J. § 7, providing that reservation of title in the seller to property which has been so affixed to realty as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold shall be void "as against any person who has not expressly assented to the reservation," the reservation in such case is void as against receivers for the buyer corporation, representing general creditors.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit in equity by the Ohio Savings Bank & Trust Company against the Willys Corporation. On petitions of Samuel Olson & Co., of the Wilmot Engineering Company, Inc., and of the H. H. Robertson Company against Clifford I. Voorhees and James Kerney, receivers of defendant. From orders denying the petitions, petitioners appeal. Affirmed.

See, also, Ohio Sav. Bank & Trust Co. v. Willys Corporation, 287 Fed. 939.

Charles E. Hendrickson, of Jersey City, N. J., for appellants.
Conover English, of Newark, N. J., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and McKEEHAN, District Judge.

DAVIS, Circuit Judge. All three of the above causes were heard together. Substantially the same question of law is involved in each case, and that question will be disposed of in one opinion. Each of the companies sold and furnished materials to the Willys Corporation on a conditional bill of sale wherein they reserved in themselves title and right to possession of the materials until paid for in cash.

The amount due the Olson Company is $2,100 for materials furnished for a "subveyor and all other machinery material therefor." This "subveyor" was a series of elevators for carrying automobile batteries from the first to the second floor of the building, a distance of 13 feet. The carrying flights were spaced 3 feet apart, and the speed of the elevators was 18 feet a minute, so that batteries could be delivered about every 10 seconds. At the lower floor there was provided a 10-foot section of gravity rollers, each roller supported on a through shaft rest-

ing on an angle iron framework. A device was provided for automatically feeding the batteries into the "subveyor." The machines were of a special type, built to carry storage batteries weighing 60 pounds maximum. The framework was steel throughout, and was built in a rigid and substantial manner, and was provided with a worm gear drive connected to a motor.

The Wilmot Company furnished materials or component parts of the chassis and drive of a car assembly conveyor. The conveyor was designed to carry automobiles from one part of the plant to another, and operated on an endless chain, which enabled it, during the process of construction, to take on the chassis of an automobile and convey it from place to place in the plant, where definite work on it was done, until it was completed. The price for the material was $12,959, on which the Willys Corporation was entitled to a credit of $2,538.20.

The Robertson Company furnished material and labor to erect part of the roof and sides of the factory building. The price of the material and labor was $6,079.92, which was reduced by payment to $3,-037.05, with certain interest.

The plant of the Willys Corporation, including the materials furnished by the petitioners, was sold in insolvency proceedings free and clear from all incumbrances and liens, which were to be transferred to and imposed upon the proceeds arising from the sale. The petitioners contend that the title to, and right of possession of, the materials furnished under the conditional sales agreements was in them, and they are entitled to the payment of their claims in full before the distribution of the proceeds of the sale to general creditors.

The learned District Judge found that the materials had become so affixed to, and a part of, the realty, that they were not severable wholly or in any portion from it without material injury to the freehold. He therefore held that the reservation of title was void against the receivers who represent creditors.

The conditional sales agreements were not filed until after the appointment of the receivers. There is no contention that any of the creditors ever assented to the reservation. The sole question is whether or not the materials were so affixed to the realty as to become a part of it, and not severable wholly or in any portion from it without material injury to the freehold.

This case was determined on petition and answer. It is nowhere alleged in any of the petitions that the materials had not become a part of the realty, or that they were severable from it without material injury to the plant. Each of the petitions contained a description of the materials furnished, showing that they were suitable for use in the construction of the plant, and the answer to the petitions in each case set up the fact that petitioners had filed mechanics' liens against the premises, and that the materials furnished by the Olson Company and the Wilmot Company had actually been "used in the erection and construction of the building." There was no specific denial made at any time that they were thus used. The reply made by petitioners is that in New Jersey the "institution of mechanic's lien claim proceedings in no way determines the nature of the materials in question," for

"an architect may maintain a lien for his services including the preparation of plans and specifications for the construction of a building." Mutual Benefit Life Insurance Co. v. Rowand, 26 N. J. Eq. 389, 396. In this case the architect not only prepared the plans, but actually supervised the construction of the building, and so could maintain a lien for his services.

[1] But, assuming the above statement of the law to be absolutely correct, it does not meet the situation here. The answer contained a specific allegation that the materials were used in the "erection and construction of the building." If this allegation were untrue, it could have been easily and specifically denied; but it was not denied, and, in the absence of any denial, it should be accepted as true. Groel v. United Electric Co. of New Jersey, 70 N. J. Eq. 616, 620, 61 Atl. 1061; Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534, 30 L. Ed. 684. The presumption is that the decree of the District Court was right, and the burden of showing the contrary is on the appellants. Southern Railway Co. v. Lester, 151 Fed. 573, 575, 81 C. C. A. 53. The appellants have not shown to our satisfaction that the District Judge erred in finding that the materials were affixed to the realty, became a part of it, and could not be severed wholly or in part without material injury to the freehold.

[2] The receivers appointed for the purpose of winding up the affairs of the corporation and distributing its assets to creditors represent the creditors, and may avoid any conditional sales agreement that the creditors themselves could avoid. In challenging the validity of these agreements, they did so in the character of a creditor. Wimpfheimer v. Perrine, 67 N. J. Eq. 597, 600, 50 Atl. 356; Brockhurst v. Cox, 71 N. J. Eq. 703, 709, 64 Atl. 182; Bell v. New York Safety Steam Power Co. (C. C.) 183 Fed. 274.

[3] Our attention has been called to the case of Koerner v. United States Waxed & Coated Paper Co. (N. J. Ch.) 121 Atl. 338, which holds that possession of goods by a receiver in insolvency is not synonymous with the possession of a creditor of the buyer, who, without notice of reservation of title in the seller, acquires by attachment or levy a lien upon the goods under section 5 of the New Jersey Conditional Sales Act (P. L. 1919, p. 462); that the possession of such receiver does not have the protection and effect of a lien acquired by "attachment or levy." It should be observed, however, that these proceedings are not under the provisions of section 5 of that act, which relates to goods that are not affixed to the realty, but are under section 7, and relate to goods which have been so affixed to the realty as to become a part thereof, and not to be severable wholly or in any portion without material injury to the freehold. This section provides that, under such facts, the reservation of title in the seller is void "as against any person who has not expressly assented to the reservation." The vulnerability of the reservation does not depend upon the character of possession. The provision includes "any person" who has not expressly assented to the reservation. Admittedly neither the creditors nor the receivers have assented to the reservation, and therefore the reservations are void as against them.

The decree of the District Court is affirmed.