**UNITED STATES v. 94 DOZEN, MORE OR LESS, HALF–GALLON BOTTLES CAPON SPRINGS WATER (CAPON WATER CO., Claimant).**

**No. 4541.**

Circuit Court of Appeals, Third Circuit.

Aug. 19, 1931.

H. B. Lewis, Asst. U. S. Atty., of Philadelphia, Pa. (Elton L. Marshall and John B. O'Donnell, both of Washington, D. C., of counsel), for the United States.

B. M. Golder, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree (D. C.) 48 F.(2d) 378, dismissing the libel in the above-stated cause.

On January 28, 1928, the United States filed a libel under section 10 of the Food and Drugs Act (21 USCA § 14), and prayed for seizure and condemnation of 94 dozen half-gallon bottles of Capon Springs water, which had been shipped on January 20, 1928, from Capon Springs, W. Va., to Philadelphia, Pa., on the grounds that the water was adulterated and the bottles in which it was contained were misbranded.

An article is adulterated within the meaning of the act (section 7, cl. 6 (21 USCA § 8, cl. 6), "if it consists in whole or in part of a filthy, decomposed, or putrid animal or vegetable substance."

An article is misbranded within the meaning of the act (section 8 (21 USCA § 10), "if the package containing it or its label shall bear any statement, design, or device regarding the ingredients or the substances contained therein, which statement, design, or device shall be false or misleading in any particular."

The learned trial judge in his second conclusion of law dismissed the count in the libel based upon clause 6, § 7, "because of the failure to grant the claimants the preliminary hearing allowed by the regulations." The regulation to which the court referred was regulation 5 (a), which provides as follows: "(a) Whenever it appears that an article is adulterated or misbranded within the meaning of the act, and proceedings are contemplated under section 1 and 2, notice shall be given to the party or parties against whom prosecution is under consideration and to other interested parties, and a date shall be fixed at which such party or parties may be heard. The hearing shall be held at the office of the Food, Drug and Insecticide Administration most convenient to the parties cited, and shall be private and confined to questions of fact. The parties notified may present evidence, either oral or written, in person or by attorney, to show cause why the matter should not be referred for prosecution as a violation of the Federal food and drugs act."

This regulation refers to sections 1 and 2 of the act (21 USCA §§ 1, 2), which provide the penalty for conviction in criminal proceedings under section 4 (21 USCA § 11). It does not refer to proceedings in rem as provided in section 10 of the act (21 USCA § 14). This section does not require that a preliminary hearing be given to claimants of the articles alleged to be adulterated or misbranded. United States v. Fifty Barrels of Whiskey (D. C.) 165 F. 966; United States v. Sixty-Five Casks of Liquid Extract (D. C.) 170 F. 449; United States v. Nine Barrels of Olives (D. C.) 179 F. 983; United States v. 100 Barrels of Vinegar (D. C.) 188 F. 471; United States v. Seventy-Five Barrels of Vinegar (D. C.) 192 F. 350. But section 4 does require that, when on examination the Board of Chemistry finds an article to be adulterated or misbranded, notice be given the party from whom the sample was obtained and an opportunity to be heard. But under section 5 of the act (21 USCA § 12), which also relates to criminal proceedings, it is the duty of the district attorney, to whom satisfactory evidence of any violation of the act is reported by the Secretary of Agriculture or by any health officer of any state, to begin proceedings against the offender without notice or an opportunity to be heard. So even in criminal proceedings notice is not always necessary. United States v. Seventy-Five Boxes of Alleged Pepper (D. C.) 198 F. 934; United States v. Morgan et al., 222 U. S. 274, 32 S. Ct. 81, 56 L. Ed. 198.

The government charged in its libel that the water was misbranded, in that the labels on the bottles and circulars contain statements, designs, and devices regarding the ingredients and substances in the water to the effect that it is a "healing water," and possesses curative and therapeutic properties, which, it alleges, is false and fraudulent. It further charged that the water was adulterated, in that it "consists in part of a filthy, decomposed and putrid animal and vegetable

substance." These allegations were earnestly denied by the appellee. It appears that several hundred pages of testimony were taken to establish and rebut these allegations. The court made the following general finding: "We make the finding that this water at the time of the trial was free from the criticisms made of it and will continue to be free." The "criticisms made" were that the water was adulterated and misbranded. But the government has not brought any of the testimony here to establish these allegations. The record before us consists of the pleadings, the opinion, decree, exception, assignment of errors, petition for appeal, order allowing appeal and citation. These alone are open for consideration. Reilly v. Beekman (C. C. A.) 24 F.(2d) 791, 795.

The third conclusion of law is: "3. The libel should be dismissed." The decree is: "And now, to wit, this tenth day of December, 1930, it is ordered that the libel in the above entitled case be dismissed."

■ The general finding, the specific conclusion of law, and decree are based upon the evidence which is presumed to support them, and there is nothing in the record before us to rebut this presumption. Southern R. Co. v. Lester (C. C. A.) 151 F. 573, 575; Bankers' Trust Co. v. Missouri, K. & T. R. Co. (C. C. A.) 251 F. 789, 798; Arena v. Delaware, Lackawanna & Western R. Co. (C. C. A.) 292 F. 1, 4; Coldwell v. United States (C. C. A.) 256 F. 805; Clarke v. United States (C. C. A.) 255 F. 546. Samuel Olson & Co. v. Voorhees (C. C. A.) 292 F. 113, 115.

■ It is true that in the second conclusion of law, which the government says is predicated upon the third finding of fact, the dismissal of the count based upon clause 6, § 7, of the act, may have been put upon the wrong ground. This clause and section refer to paragraph 6 only of the libel which charges adulteration. With this paragraph eliminated, the rest of the libel is left standing. The third conclusion of law, that "the libel should be dismissed," is based upon the evidence as a whole, and dismisses not only the sixth paragraph but the entire libel. While the record does not disclose any exceptions taken at the trial, embodied in a formal bill, presented to and signed by the trial judge within the term as required by the decisions generally, it is true, as the government here contends, that in trials by the court without a jury the sufficiency of facts specially found to support the judgment or decree may be reviewed without a bill of exceptions. Sloss-Sheffield Steel & Iron Co. v. Stover Mfg. & Engine Co. (C. C.

A.) 37 F.(2d) 876; General Motors Co. v. Swan Carburetor Co. (C. C. A.) 44 F.(2d) 24; Seeberger v. Schlessinger, 152 U. S. 581, 14 S. Ct. 729, 38 L. Ed. 560; Lewellyn v. Electric Reduction Co., 275 U. S. 243, 248, 48 S. Ct. 63, 72 L. Ed. 262. But this does not materially help, for, as above stated, there is nothing in the record open to us that justifies a reversal. There are twenty-three assignments of error, but they are not contained in any special finding, and there is no bill of exceptions bringing up those portions of the record upon which they are predicated. If we are free to consider them, they show findings against the government presumptively on sufficient evidence or a refusal to find for the government on insufficient evidence.

It follows that the decree dismissing the libel must be affirmed.